**Maritza Del Rosario TINOCO–VILCHEZ; Claudia Lanuza Tinoco, Petitioners,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

No. 05–72494.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

Fernando Romo, Los Angeles, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Marion E. Guyton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Maritza del Rosario Tinoco–Vilchez and her daughter Claudia Lanuza Tinoco, natives and citizens of Nicaragua, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying their application for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review claims of constitutional violations de novo, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

The IJ determined that petitioners failed to establish eligibility for NACARA relief because the lead petitioner did not prove she entered the United States prior to December 1, 1995. We lack jurisdiction to review the IJ's determination. *See NA-*

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CARA, Pub.L. No. 105–100 (1997) (found at 8 U.S.C. § 1255 note) § 202(f) ("A determination by the Attorney General as to whether the status of an alien should be adjusted under this section is final and shall not be subject to review by any court.").

To the extent petitioners contend the IJ violated due process by admitting an unreliable Record of Deportable Alien, we reject the contention because petitioners were not prevented from reasonably presenting their case. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

We lack jurisdiction to consider petitioners remaining due process contentions because they were not raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.